(No. 4781.   January 3, 1928.)

H. G. HAYES, Appellant, v. INDEPENDENT SCHOOL DISTRICT No. 9, TWIN FALLS COUNTY, IDAHO, Respondent.

[262 Pac. 862.]

SCHOOLS AND SCHOOL DISTRICTS—DISCHARGE OF TEACHERS—ACTION FOR DAMAGES — APPEAL AND ERROR — EVIDENCE — RECORD ON APPEAL—NOTICE OF HEARING—EXHIBITS.

1. Discharge of school-teacher, accomplished lawfully and in good faith by school board, under Laws 1921, chap. 215, sec. 46, subd. 7, is good defense in action by teacher against school district for damages resulting from such discharge.

2. In action by school-teacher for damages resulting from his discharge, sufficiency of notice of hearing which was accorded to plaintiff cannot be. determined on appeal, where such notice which was written and admitted as an exhibit is not brought before reviewing court.

3. Where there was ample evidence to sustain findings of trial court, such findings will not be disturbed, notwithstanding that there was conflict in evidence.

4. Propriety of admitting certain exhibits cannot be determined on appeal, where such exhibits have not been certified in reviewing court, under C. S., sec. 6886.

Publisher's Note.
1. See 24 R. C. L. 618.
2. See 2 R. C. L. 133.
3. See 2 R. C. L. 204.

See. Appeal and Error, 4 C. J., sec. 2298, p. 521, n. 76; sec. 2325, p. 535, n. 99; sec. 2855, p. 884, n. 37.
Schools and School Districts, 35 Cyc., p. 1096, n. 50 New.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Action for breach of contract. Judgment for defendant. *Affirmed.*

Harry J. Benoit and Harry Hazel, for Appellant.

"School directors have no power to annul a contract made by them with a legally qualified teacher to teach for an ensuing year, though their act in entering into the contract was ill-advised, and after it was made a number of citizens objected to the teacher's employment, and alleged that she was incompetent." (*Splaine v. School District,* 20 Wash. 74, 54 Pac. 766.)

Bothwell & Chapman, for Respondent.

Where, as in this case, an examination of the record discloses a substantial conflict in the evidence as to all material issues, this court will not disturb the findings of fact or judgment of the trial court which are based upon such evidence; where it further appears from the record that such findings and judgment are supported by a preponderance of the competent evidence sufficient, if uncontradicted, to sustain them. (*Sabin v. Burke,* 4 Ida. 28, 111, 179, 37 Pac. 352; *First National Bank v. Cruikshank,* 38 Ida. 789, 225 Pac. 142; *Brinton v. Steele,* 23 Ida. 615, 131 Pac. 662; *Commercial Trust Co. v. Idaho Brick Co.,* 25 Ida. 755, 139 Pac. 1004; *Lambrix v. Frazier,* 31 Ida. 382, 171 Pac. 1134; *Independence Placer Min. Co. v. Knauss,* 32 Ida. 269, 181 Pac. 701; *Delap v. Lawson,* 33 Ida. 95, 190 Pac. 262; *Lisenby v. Intermountain State Bank,* 33 Ida. 101, 190 Pac. 355; *Fruitland State Bank v. Lauer,* 34 Ida. 272, 200 Pac. 127.)

In the discharge of appellant as a teacher, respondent proceeded in strict accordance with the statutory provisions, and held a hearing in form and under the procedure pre-

scribed by the state board of education. In the absence of fraud, corruption or oppression, the action of the board of trustees is final and conclusive and is not subject to review by the courts. (1921 Sess. Laws, subd. 1, 7, 23 and 30, sec. 46, chap. 215, 446; 35 Cyc. 1095; *Ewin v. Independent School Dist. No. 8,* 10 Ida. 102, 77 Pac. 222; *School District No. 18 v. Davies,* 69 Kan. 162, 76 Pac. 409; *Meffert v. State Board of Medical Registration,* 66 Kan. 710, 72 Pac. 247, 1 L. R. A., N. S., 811; *Park v. Independent School Dist.,* 65 Iowa, 209, 21 N. W. 567; *Gillan v. Board of Regents,* 88 Wis. 7, 58 N. W. 1042, 24 L. R. A. 336; *Duncan v. School Dist.,* 83 Kan. 580, 112 Pac. 102; *Riggs v. Green,* 118 Md. 218, 84 Atl. 343; *Horne v. Chester School Dist.,* 75 N. H. 411, 75 Atl. 431; *State v. Preston,* 120 Wash. 569, 208 Pac. 47.)

WM. E. LEE, C. J.—Appellant was discharged as a teacher of respondent school district after notice and a public hearing, participated in by the members of the board, appellant and other residents of the community. At the conclusion of the hearing the board unanimously resolved that the charges against appellant were sustained. Thereafter he prosecuted this action to recover damages resulting from his discharge, alleging that he was discharged wrongfully and without cause. This appeal is from a judgment in favor of the district.

[1] The board had power to discharge appellant for breach of contract or continued neglect of duty. (Sec. 46 (7), Sess. Laws 1921.) And the discharge of a teacher, accomplished lawfully and in good faith, for breach of contract or continued neglect of duty, is a good defense in an action by the teacher for damages resulting from such discharge. (*School Dist. v. McCoy,* 30 Kan. 268, 46 Am. Rep. 92, 1 Pac. 97; 24 R. C. L. 618, sec. 75.)

[2] It is contended that the court erred in finding that "due notice of said hearing was accorded to the plaintiff;" and it is argued that the evidence shows the contrary. Appellant testified that he had notice in writing, which the

evidence shows was admitted as an exhibit. We have not been cited to any part of the school law requiring notice of such a hearing on the part of an independent school district. (Sec. 46 (7), 1921 Sess. Laws.) Even though notice is required, since it was given, we cannot determine its sufficiency as it has not been brought before us.

The court also found that " . . . . the plaintiff did not continue from said date to faithfully perform his said duties until the 13th day of October, 1922; that he did not continue faithfully to perform his duties during any of said time from the 5th day of September, 1922, up until the 13th day of October, 1922, or during any period of the time in the year 1922; that the defendant did not without cause on October 13th, 1922, wrongfully discharge plaintiff and wrongfully refuse at that time or at any time thereafter to permit plaintiff to continue in said employment; . . . . "

[3] Appellant attacks the foregoing and other findings on the ground that they are not sustained by the evidence. His position is without merit. There is ample evidence to sustain the above finding. There was, without doubt, a conflict in the evidence. As is not unusual in such cases, there was considerable testimony in support of and against the position of appellant. The trial court saw the witnesses and heard them testify. It is well settled that under such circumstances, there being sufficient evidence to sustain them, the findings will not be disturbed. It would serve no useful purpose to recite the evidence relating to the misunderstandings and disagreements that led to appellant's discharge. It suffices to say that while appellant's professional attainments and character were not seriously questioned, the board felt that he neither displayed a proper spirit of loyalty to and confidence in the trustees, nor properly performed his duties. Our conclusion that the foregoing finding is sustained makes it unnecessary to consider other assignments of the same character.

[4] Another assignment is made that the court erred in admitting "defendant's exhibits 6, 7, 8 and 9." The pro-

priety of admitting such exhibits cannot be determined for the reason that they have not been certified to this court. (C. S., sec. 6886.) In fact such exhibits are not before us. Judgment affirmed. Costs to respondent.

Budge, Taylor and T. Bailey Lee, JJ., concur.

GIVENS, J., Concurring in Part and Dissenting in Part.—I concur with the majority opinion with the exception of the last paragraph, from which I dissent.