(No. 5581. February 11, 1931.)

J. B. ELDRIDGE et al., Respondents, v. PAYETTE–BOISE WATER USERS' ASSOCIATION, Respondent, FRANK DICKERSON, FRED C. BURRUS, M. E. WEBSTER, ED STRAUS and SAVILLA FROST, Appellants.

[296 Pac. 1022.]

Charles F. Reddoch, Thos. E. Buckner and Scatterday & Stone, for Respondents.

T. A. Walters and Walter Griffiths, for Appellants.

ADAIR, District Judge.—The respondent, F. H. Michaelson, Receiver, moves this court for an order prescribing and fixing a definite time within which a map shall be prepared and filed with the clerk of this court, said map to be made in accordance with a stipulation entered into upon the trial, and in the event such map is not furnished in compliance therewith, or not deemed desirable, that the original water

right applications, admitted in evidence and designated at the trial as Exhibit "LL," be sent up for consideration on the appeal from the judgment entered below.

It appears from the motion and accompanying affidavits that the water right applications, numbering some four thousand, constitute a very voluminous and cumbersome array of documents, all admitted in evidence as one exhibit, LL, at the trial of this cause. The lower court made an order that said papers constituting such exhibit might be withdrawn and a list of the lands involved, showing under which of the various kinds of water applications each tract was covered, might be substituted for that exhibit. Thereafter counsel stipulated that in lieu of such list the chief clerk of the U. S. Reclamation Office at Boise, Idaho, might prepare and certify to a map furnishing the data contemplated by such list, ordered as aforesaid by the trial court. Neither the list of lands nor the map were ever prepared and submitted to the district judge for his consideration in passing upon the merits of the controversy.

This court will not consider an exhibit or evidence, not a part of the record before the trial court. (*Steinour v. Oakley State Bank,* 45 Ida. 472, 262 Pac. 1052; 4 C. J. 509.) An order in diminution of the record will not be made by the appellate court to supply evidence or matters not before the lower court. In support of this well-recognized rule further citation of authorities is not required.

This court has the power to order transmitted to it the original exhibits in a cause on appeal, if upon examination of the record, a consideration and examination of such exhibits are required for the proper determination of the issues raised. Rules 51 and 52.

It follows that respondents' motion requesting diminution of the record and for permission to procure and supply the map suggested must be denied and it is so ordered.

Lee, C. J., and Givens, Varian and McNaughton, JJ., concur.