328 P.2d 66

Larry W. MACKEY, Plaintiff-Respondent,

v.

Garfield EVA and Lena Eva, husband and wife, Defendants-Cross-Complainants-

Appellants.

No. 8555.

Supreme Court of Idaho.

July 9, 1958.

Hawkins & Miller, William A. Reagan, Coeur d'Alene, for appellant.

Brown & Peacock, Kellogg, for respondent.

PORTER, Justice.

In August, 1951, respondent entered into a written contract with appellant, Garfield Eva, to build and construct a dairy barn on premises owned by appellants. The agreed contract price for the construction of such dairy barn was the sum of $11,142.75. Respondent completed his construction of the building in November 1951. In the meantime, he had been paid by appellants the sum of $5,990 on the contract price.

Appellants refused to accept such building on the ground that it was not constructed and completed in accordance with the terms of the building contract and refused to pay the balance of the contract price. Respondent filed a Notice of Claim of Lien against such building alleging the completion of the contract and that there was a balance due and unpaid on the contract price in the sum of $5,152.75.

Respondent brought this action for the foreclosure of such contractor's lien. Appellants answered respondent's complaint denying that they owed any sum to respondent and by way of cross-complaint, asked for damages on the ground that the construction of such dairy barn had not been in accordance with and completed as required by the terms of the contract. After trial of such cause the court made and entered findings of fact to the effect that there had been a substantial performance of the contract by respondent and concluded as a matter of law that respondent was entitled to a judgment against appellants for the unpaid balance of the contract price and was entitled to have the claim of lien foreclosed. Judgment was entered accordingly. From such judgment appellants appeal to this court.

By their assignments of error, appellants challenge certain hereinafter described orders made by the court and the court's action with respect to same; challenge the court's finding that there had been a substantial performance of the contract by respondent; and challenge the court's conclusion that respondent was entitled to judgment for the unpaid balance of the contract

price. We will not discuss each assignment of error separately but will consider the questions raised by such assignments.

On May 17, 1955, the court made and entered an order, the material part of which was as follows:

"After hearing oral evidence and considering the documentary evidence introduced at the hearing in the above entitled matter starting December 13th, 1954; the plaintiff being personally present at said hearing and represented by Brown & Peacock, and the defendants being personally present and represented by Hawkins & Miller and, after considering the respective briefs filed by attorneys for the parties and after considering the written report made by Mr. Donald J. Boughton, Senior Sanitarian of Kootenai County, State of Idaho Department of Public Health, the contents of which were thoroughly explained and considered at a conference held at 10:00 o'clock a. m., May 11th, 1955, in the court chambers at Coeur d'Alene, Idaho, there being present at said conference the said Mr. Donald J. Boughton, Robert Brown of the firm of Brown & Peacock, for the plaintiff, and William S. Hawkins of the firm of Hawkins & Miller for the defendants, and the undersigned Judge, now therefore,

"It Is Hereby Ordered that the plaintiff shall make the following changes, alterations and repairs in the barn and milk house which is the subject of the above entitled action within thirty (30) days from the date of this Order:—

[The order then sets out 14 items which plaintiff was required to change, alter or repair]

"When these repairs, alterations and corrections have been properly made so as to pass inspection of the senior sanitarian of this district and the electrical wiring is such as to pass inspection of the state electrical inspector, the plaintiff will then be deemed to have substantially complied with the terms of the building contracts between the parties hereto and he should then be entitled to a judgment for the balance of the contract due and owing between the parties."

This order was erroneous in the following particulars: (a) It was based in part upon an alleged written report made by Donald J. Boughton, Senior Sanitarian of Kootenai County, which report is not a part of the record in the cause. Such report was neither filed nor offered in evidence as an exhibit, and Donald J. Boughton did not testify in the case.

(b) The order provides that when the repairs, alterations and completions

required by the order have been made so as to pass inspection of the Senior Sanitarian, the plaintiff will then be deemed to have substantially complied with the terms of the building contract. The court was in error in making such a provision as the question is not whether the building will pass inspection of the Senior Sanitarian, or whether grade A milk can be produced in this dairy barn, but whether the building has been completed in compliance of the terms of the building contract.

 (c) The order is further erroneous in providing that if the contract is substantially complied with by plaintiff he would be entitled to judgment for the balance of the contract price. Where there is a substantial but not strict compliance with the building contract, the contractor is entitled, as hereinafter pointed out, to recover the contract price less the cost of materials and labor necessary to make the building strictly comply with the contract.

 On June 16, 1955, the court made and entered an order appointing Donald J. Boughton a purported "referee". By such order the referee was instructed to inspect the premises involved to determine whether or not the order of May 17, 1955, had been complied with by the respondent, and was instructed to make written report of his inspection to the court. By such order the referee was not authorized to take testimony and to make findings of fact and submit same to the court. The order appointing Mr. Boughton as an alleged referee was no more than an order making Mr. Boughton a witness appointed by the court. In 76 C.J.S. References § 77, page 224, it is said, "An order selecting persons 'to see if' work being done complies with the contract for such work does not invest such persons with the power of referees." See, also, Arkansas State Game & Fish Commission v. Kizer, 222 Ark. 673, 262 S.W.2d 265, 39 A.L.R.2d 1372.

██ Mr. Boughton, in accordance with the order of the court, made a report on each of the fourteen items which the court had found were incomplete. He reported that some of the items had been rectified but that there were some items which had not been repaired or that the repair work was defective. He completed his report with the following paragraph:

"The inspection of the Garfield Eva barn indicates that there are minor items that still need some attention. However, it is my opinion that the order that was issued in District Court of the Eight Judicial District of the State of Idaho in the matter of Larry W. Mackey vs Garfield Eva and Lena Eva, husband and wife, defendants, dated the 16th day of May, 1955, has been substantially complied with, and that grade A milk can be produced in this barn and milk house if the premises

are properly equipped, painted, operated and maintained according to Standard Ordinance requirements."

This report was given to the district judge on June 22, 1955, but was not filed until November 17, 1955. The referee did not testify in the cause but the court, acting upon the statement of the referee that the court's order of May 17, 1955, had been substantially complied with by respondent, proceeded to make findings of fact and conclusions of law based upon the conclusion of the referee as to substantial compliance by respondent with the building contract. This was error.

Appellants asked leave to submit testimony in contradiction to the report of the referee but the court sustained an objection to any testimony being submitted. In this the court was in error.

The finding of the trial court to the effect that there had been a substantial compliance with the building contract by respondent is not sustained by competent evidence in the record as it is predicated in part upon the report and conclusion of the referee and not upon evidence adduced in the trial of the cause.

The conclusion of law that respondent was entitled to judgment for the unpaid balance of the contract price is incorrect. Appellants should have been permitted to offer evidence contesting the compliance with the court's order of May 17, 1955, by

respondent and to show the cost of labor and materials necessary to bring about a compliance with the contract. In Forrester v. Craddock, Wash., 317 P.2d 1077, at page 1082, the court approved the following principle:

"'Where the builder has substantially complied with his contract, the measure of damages to the owner would be what it would cost to complete the structure as contemplated by the contract. There is a substantial performance of a contract to construct a building where the variations from the specifications or contract are inadvertent and unimportant and may be remedied at relatively small expense and without material change of the building, * * *.'"

In 25 C.J.S. Damages § 76, page 570, it is stated in effect that where there is a substantial performance of the contract, the contractor is entitled to recover the contract price less the cost of repairing the defections or making the structure conform to the terms of the contract. See, also, Pippy v. Winslow, 62 Or. 219, 125 P. 298; Newcomb v. Schaeffler, 131 Colo. 56, 279 P.2d 409.

Section 45–505, I.C., provides that the land upon which any structure is constructed together with a convenient space about the same, or so much as may be required for the convenient use and occupation

 

thereof, to be determined by the court on rendering judgment, is also subject to the lien.

 On August 6, 1956, upon application of respondent, the court made an order authorizing plaintiff to have a survey made of the premises at the site of the dairy barn and to present to the court a metes and bounds description, and map of that portion of land upon which the dairy barn is situated necessary for the convenient use and occupation of said barn. Such survey was made and the report of the surveyor was filed in the cause. No testimony of the surveyor was taken. Appellants were refused leave to offer testimony as to the amount of land necessary for the convenient use of the barn. The court based its findings of fact upon the surveyor's report as to the amount of land necessary to be taken and made such land subject to respondent's lien. This finding of fact is erroneous as it is not sustained by substantial or any evidence. In Dybvig v. Willis, 59 Idaho 160, at page 169, 82 P.2d 95, at page 99, this court said:

"The statute [sec. 44–505, supra (now 45–505)] makes it the duty of the trial court to determine the amount of land required for the convenient use and occupation of any 'building, improvement or structure,' and, of course, it would be necessary for the court to take evidence to enable it to perform that statutory duty."

The judgment of foreclosure is not sustained by findings of fact based upon competent evidence and is predicated in part upon erroneous conclusions of law.

The judgment of foreclosure is reversed and the cause is remanded for new trial. Costs awarded to appellants.

KEETON, C. J., and TAYLOR, SMITH and McQUADE, JJ., concur.