405 P.2d 754

**H. W. DAWSON, doing business as Nampa Lumber Co., Plaintiff-Appellant,**

**v.**

**Russell W. ELDREDGE and Erma Eldredge, husband and wife, Defendants-Respondents.**

**No. 9469.**

Supreme Court of Idaho.

Sept. 15, 1965.

Davison, Davison & Copple, Boise, for respondents.

Earl E. Reed, Nampa, for appellant.

McQUADE, Chief Justice.

Dawson, appellant, institutes his second appeal in this action for a review of the trial court's determination on remand. The facts of this case are set forth in the first

**404**

appeal, Dawson v. Eldredge, 84 Idaho 331, 372 P.2d 414 (1962). The original action was instituted for materials and services rendered in the building of a house for respondents, Russell and Erma Eldredge. Respondents contended that the obligation was under an oral contract for a fixed sum rather than for materials and labor as contended by appellant.

On appeal this court affirmed the judgment of the trial court that the contract was for a fixed sum but remanded the cause to the trial court to:

"* * * make findings more specific and detailed, and, if he deems it necessary to reopen the case for further evidence, to consider such additional evidence as may be necessary to enter such findings, in accordance with this opinion; to make determination of what items are covered by the appellant's lien; to fix an appropriate sum as attorneys fee; and to give judgment to appellant for the foreclosure thereof." Dawson v. Eldredge, supra, at p. 341, 372 P.2d at p. 420.

The court also said:

"The failure of the court to make findings in such detail as to enable this court to determine just what items were chargeable or not, requires reversal of this cause with directions to the trial court to make findings more specific as to the items to be included

or excluded from the account between the parties." Dawson v. Eldredge, supra, at p. 341, 372 P.2d at p. 420.

Upon remand the trial court received additional evidence. Respondents admitted they should be charged for a heavier grade of shingles. The trial court found in addition that respondents were chargeable for certain changes in the kitchen. Costs on the first appeal were awarded to appellant.

After determining the contract amount, the extras and offset of costs, a judgment was entered by the trial court in favor of appellant for $133.86. Dawson appeals from that judgment and seeks review, asserting eleven assignments of error by the trial court, generally classified as follows: (1) failure of the trial court on remand to determine those extras as ordered by this court; (2) failure of the trial court on remand to establish a lien in favor of the materialman in accordance with the direction of this court; (3) failure of the trial court on remand to establish appropriate attorney fees in the enforcement of appellant's lien; (4) failure of the trial court on remand to follow the instructions directed by this court on the first appeal; (5) refusal of the trial court to admit certain evidence.

The exhibits admitted into evidence at the first trial are not included in this record.

■ Appellant specifically assigns as error the trial court's refusal to allow in evidence the estimate of Mr. Kolbo, plaintiff's Exhibit 8. Mr. Kolbo is a licensed architect and was asked to testify relating to estimated costs of items identified by appellant as being extras. Appellant requested an opportunity to make an offer of proof by the witness Kolbo. The trial court then inquired of appellant's counsel:

"THE COURT: Mr. Reed, before I rule on your offer of proof, I want to ask you if the items that you asked this witness to testify to are the materials and the labor involved in this discussion of these items contained in Plaintiff's Exhibit #3?"

To this question appellant's attorney answered:

"MR. REED: There may be some of them included and maybe some of them may not. Some of them may be included in the nature of sacks of cement or maybe some items in there included in items which were paid by the Home Federal Savings and Loan Association either to the Eldredges or the Eldredges and to some other contractor or some other person or supplier other than Mr. Dawson."

The trial court thereupon properly denied the offer of proof and refused to permit Kolbo to testify further.

■ Appellant also assigns error of the trial court in limiting proof of appellant Dawson pertaining to extras. In this connection it should be noted that appellant did not include plaintiff's Exhibit 3 in the praecipe, hence that exhibit is not before this court on appeal.

Appellant argues that payment of accounts by checks, which he had neither endorsed nor received the benefit thereof, should not have been charged against him. The trial court found that these checks were properly chargeable to appellant and were authorized by him or his agents. The trial court found that plaintiff's Exhibit 5 reflected that such charge was properly made. Plaintiff's Exhibit 5 is not included in the record on appeal.

Appellate Rules of the Supreme Court 25 and 36 and I.C. §§ 10–509 and 13–222 require an appellant to perfect his record for consideration by this court. I.C. § 10–509 reads as follows:

"10–509. Reporter's transcript.—Any party desiring to procure a record of the evidence and proceedings made during the trial of an action or special proceeding in the district court, for use on appeal to the Supreme Court may, in lieu of preparing, serving and procuring the settlement of a bill of exceptions as in this chapter provided, procure a transcript consisting of an original typewritten copy and four

carbon copies thereof from the official court reporter of the testimony and proceedings, including the instructions given or refused on the trial, or such parts thereof as may be necessary, in the following manner:

\* \* \* \* \* \*

"4. Exhibits introduced in the trial may be certified to the Supreme Court by the clerk, as part of the record on appeal without incorporating the same in the transcript, or making any copies, unless said exhibits consist of some part of the public records, in which event the same shall be copied into the record at the appropriate place by the reporter, or a copy certified by the party having lawful custody of the records may be substituted and transmitted with the exhibits."

Rule 25, Appellate Rules of the Supreme Court, states the requirements for the record on appeal:

"RULE 25. Transcript, Omissions.—Unless the application and order for the reporter's transcript shall otherwise specify, in both civil (Section 13–215 I.C.) and criminal (Section 19–2812 I.C.) appeals, the reporter's and not the clerk's transcript shall include the instructions given by the court to the jury, numbered consecutively, and the plaintiff's and defendant's requested instructions as filed with the court (Section 10–206, subd. 7, and 10–208, 10–213, 10–509, and 19–2519 I.C.) and, unless so specified, neither the reporter's nor the clerk's transcript shall include the voir dire examination, opening statements of counsel, arguments on objections and motions, arguments to the jury or court, proceedings upon the return of the jury with their verdict, or exhibits, except as provided in Section 10–509 I.C."

■ In neither section is the reporter or the clerk of the district court, in the absence of a request, required to include exhibits on an appeal. The praecipe and its contents are the responsibility of appellant. The items for the record on appeal are specified by the praecipe. The transcript on this appeal included the following excerpt from the praecipe:

"YOU ARE HEREBY REQUESTED to prepare for the purpose of said appeal, according to law and the rules of the Supreme Court of the State of Idaho, the required number of transcripts, consisting of judgment roll and all papers constituting the same and including, but not limited to, the following, to-wit:

\* \* \* \* \* \*

"11. All other papers filed and pleadings required to be included in said transcript by the laws of the State of Idaho and the rules of the Supreme

Court with specific enumerations thereon.

"Please certify the same as provided by the Statutes of the State of Idaho and the rules of the Supreme Court of the State of Idaho."

In Aker v. Aker, 52 Idaho 50, 11 P.2d 372 (1932), the court held that C.S. § 6886, now 10–509, contemplated that only those portions of the record necessary to the appeal should be brought up.

█ The propriety of admitting certain exhibits in the trial court cannot be determined on appeal when they have not been certified to the appellate court. It follows that the consideration of and weight attached to the exhibits by the trial court, once admitted, cannot be reviewed on appeal if they are not before the appellate court. Hayes v. Independent School Dist. No. 9, 45 Idaho 464, 262 P. 862 (1928).

In Nash v. Hope Silver-Lead Mines, Inc., 79 Idaho 137, 142, 314 P.2d 681 (1957), it was held:

"The transcript not containing all the testimony and other evidence, we must necessarily presume that the evidence justifies the decision and that the findings are supported by substantial evidence."

Rule 36 of the Appellate Rules of this court aids in the determination of the problem now before us:

"RULE 36. Original Papers, How Brought Up—Withdrawal of Records.

"Section 1. All original papers, exhibits, maps and surveys, unless incorporated in the transcript as provided by Rule 25 herein, or Section 10–509 I.C., shall be transmitted by the Clerk of the trial court to the Clerk of this Court when so directed by him."

█ The clerk of the Supreme Court clearly has the power to direct the trial court to send all matters that were before it when the Supreme Court deems it necessary to the determination of the rights of the parties on appeal. In the case of Eldridge v. Payette-Boise W. U. Assn., 50 Idaho 347, 296 P. 1022 (1931), the court held:

"This court has the power to order transmitted to it the original exhibits in a cause on appeal, if, upon examination of the record, a consideration and examination of such exhibits is required for the proper determination of the issues raised."

Likewise, in the case of Guiles v. Kellar, 68 Idaho 400, 195 P.2d 367 (1948), augmentation of the record was allowed by the court. In that case it is shown that the augmentation of the record is done at the request of one of the parties, the appellant.

█ In the present case there has been no objection to the preparation of the record nor a request that exhibits be included on appeal. The court looks to the determination of all assignments of error upon

the merits of each case. But we will not search this record nor the records of the trial court to secure all evidence introduced at the trial. In accordance with the rule in Nash v. Hope Silver-Lead Mines, Inc., supra, we conclude that the trial court was correct in its findings of fact.

The second and third general specifications of error have specific reference to point I of the trial court's conclusions of law, which reads as follows:

"That Plaintiff is not entitled to judgment foreclosing his claim of lien against Defendants, nor his attorney fees in this action."

This court on the prior appeal, Dawson v. Eldredge, supra, did not specifically require the trial court to allow appellant's lien. The court determined that the lien rights of appellant had not been waived. The waiver in the prior opinion applied only for the protection of the lending institution "and not for the benefit of the Eldredges." 84 Idaho page 337, 372 P.2d page 417. The trial court was to determine the existence of a lien. The directions of this court on the prior appeal were permissive in that they were intended to guide the trial court in its determinations, not direct its judgment.

The purpose of a lien is to secure payment to the lienor for materials or services. The lienor acquires the right to hold or sell the product of the lienee to secure payment for materials or services rendered. 53 C.J.S. Liens p. 825 et seq., and 33 Am. Jur., Liens, p. 417 et seq. Appellant acquired his right to a lien under I.C. § 45–501. I.C. § 45–516, relating to liens, states that the provisions of the code relating to civil actions are applicable to and constitute the rules of practice in that chapter. I.C. § 5–615 is as follows:

"5–615. Cross demands compensated.—When cross demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim could have been set up, the two demands shall be deemed compensated, so far as they equal each other, and neither can be deprived of the benefit thereof by the assignment or death of the other."

In Brown v. Porter, 42 Idaho 295, 245 P. 398 (1926), it was said that the right of set-off exists except where denied or limited. I.C. § 45–501 has no such limitation or denial. The cross demands of respondents are proper setoffs against the lien of appellant. Cases cited by respondents, Mackey v. Eva, 80 Idaho 260, 328 P.2d 66 (1958); Williams v. Idaho Potato Starch Co., 73 Idaho 13, 245 P.2d 1045 (1952); and Steltz v. Armory Co. Ltd., 15 Idaho 551, 99 P. 98, 20 L.R.A.,N.S., 872 (1908), are directly applicable to this decision. Those cases allowed setoff of damages

against contract prices, allowing recovery of the remainder.

Because the counterclaim is a complete setoff, the lien is not applicable. There being no lien, the claim for attorney fees is denied. Dawson v. Eldredge, supra, 84 Idaho at page 336, 372 P.2d 414

In reviewing the other assignments of error, we find no particular in which the trial court erred in carrying out the directions of this court on the prior appeal. The judgment of the trial court is affirmed.

Costs to respondents.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.