521 P.2d 1023

Alys H. CRIBBEE, formerly known as Alys
H. McDermott, Plaintiff-Appellant,

v.

Reginald P. McDERMOTT, Defendant-
Respondent.

No. 11053.

Supreme Court of Idaho.

April 26, 1974.

John B. Kugler, Pocatello, for plaintiff-
appellant.

L. F. Racine, Jr., D. James Manning,
Pocatello, for defendant-respondent.

McFADDEN, Justice.

Alys H. Cribbee (formerly Alys H. McDermott), the plaintiff-appellant, instituted this action in Bannock County (hereinafter referred to as the Bannock County action) and alleged as follows. Plaintiff and Reginald P. McDermott, the defendant-respondent, had previously been married. During this marriage they acquired as community property an equity in certain real property in Pocatello, Idaho. Their marriage was terminated by a decree of divorce dated March 11, 1965 (entered in Power County, referred to herein as the divorce action), but no distribution of this community property was made. The defendant failed to account for rents and profits from this community property. By her complaint plaintiff sought an accounting of the profits and for an order requiring a sale of the property and distribution of the proceeds.

■ The record in the instant case discloses that the defendant was served with summons and a copy of the complaint in the divorce action; but he did not appear in that action and allowed default to be entered against him.[1]

Defendant by his answer alleged that the divorce decree had inadvertently omitted awarding the property in question to him, even though the plaintiff in the divorce action prayed that it be awarded to him. The defendant sought to have the divorce decree amended or construed to reflect that the property had been awarded to him in the divorce action. In effect the defendant in the Bannock County action sought to have the title to the property in question quieted in his name.

Following submission of the evidence in this case the trial court entered a memorandum opinion, and decree or judgment in favor of the defendant. Following entry of the opinion and judgment the plaintiff moved for an amendment to provide for findings of fact and conclusions of law; the trial court denied this motion stating that the memorandum opinion and order or judgment constituted findings of fact and conclusions of law from which plaintiff has appealed.

It is our conclusion that the trial court erred, and the judgment must be reversed and the cause remanded for further proceedings for the following reasons.

■ During the trial in this case the defendant called the attorney who had represented the plaintiff in the divorce action as a defense witness. During the course of defendant's examination of this witness plaintiff objected to certain questions propounded to the witness on the basis that the questions invaded the attorney-client privilege between the plaintiff and the witness. The trial court denied her objection. The defendant then asked this witness if he had any explanation for the scope and contents of the divorce decree in the divorce action. The witness answered:

"My assumption has been since I learned of this two or three days ago [the failure of the decree in the divorce action to conform to the prayer for relief of the complaint and distribute the property in question to the husband] that I simply left it out by oversight or inadvertance, but that is an assumption on my part, that I made a mistake."

The defendant next asked if the witness had anything in his files which indicated otherwise. The plaintiff again objected on the ground that disclosure of his files' contents would violate the attorney-client privilege. Again the court overruled the objection.

---

1. At the outset of the trial in this case the trial judge stated he would take judicial notice of the files and records in the divorce action. However, appellant has not seen fit to favor this court with any copies of the proceedings in the divorce action by way of incorporation into the clerk's transcript or as an exhibit (I.C. § 13–215), or as an augmentation of the record (Sup.Ct. Rule 37). In such situation this court will accept respondent's assertion that appellant in her complaint in the divorce action prayed that the real property involved here be awarded to repondent. Nash v. Hope Silver-Lead Mines, 79 Idaho 137, 314 P.2d 681 (1957); Dawson v. Eldredge, 89 Idaho 402, 405 P.2d 754 (1965).

I.C. § 9–203 provides in pertinent part: " * * * a person can not be examined as a witness in the following cases:

1. * * *

2. An attorney can not, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment * * *."

It is our conclusion that the trial court erred in overruling these objections. It was established that an attorney-client relationship had existed between the witness and the plaintiff, and the testimony sought to be elicited dealt with the communications between them. The plaintiff did not consent to such examination. The trial court relied upon this testimony in resolution of the issues between the parties, and it is our conclusion admission of this testimony constituted prejudicial error.

 During the course of the trial in the Bannock County action the trial judge alluded to the fact that he had been the trial judge in the divorce action and that he would take judicial knowledge of the record in that case. However, the trial court failed to enter any specific findings of fact or conclusions of law, and failed in its order even to describe the property. Therefore, the judgment in this action fails to resolve the disputed issues presented by the parties.

Certain evidence was admitted without objection which could be considered as raising an issue (I.R.C.P. 15[b]) as to whether the plaintiff is estopped from denying the defendant's title to this property, either by way of a judicial estoppel (Loomis v. Church, 76 Idaho 87, 277 P.2d 561 [1954]), or by estoppel in pais (Allen Steel Supply Co. v. Bradley, 89 Idaho 29, 402 P.2d 394, 403 P.2d 859 [1965]).

Thus, it is the conclusion of the court that this case must be remanded for new trial. Both parties should be granted an opportunity to interpose such amendments to their pleadings as the trial court in its judgment should deem proper; and after the issues are framed, the court should resolve at trial the issues presented and enter appropriate findings of fact, conclusions of law and decree. I.R.C.P. 52(a). Costs to appellant.

SHEPARD, C. J., and DONALDSON, McQUADE and BAKES, JJ., concur.