790 P.2d 914

**Martina Zenovia JONES,
Plaintiff–Respondent,**

v.

**Fred JONES, Defendant–Appellant.**

No. 17768.

Supreme Court of Idaho.

April 10, 1990.

E. Lee Schlender, Hailey, for defendant-appellant.

Michael H. Felton, Buhl, for plaintiff-respondent.

1990 OPINION NO. 11 ISSUED JANUARY 29, 1990, IS HEREBY WITHDRAWN AND THIS OPINION IS SUBSTITUTED THEREFOR

## ON DENIAL OF REHEARING

McDEVITT, Justice.

Fred and Martina Jones were married in Peru on March 21, 1980. Martina Jones entered the United States as a resident alien, along with two Peruvian children, Marta and Weston, adopted by the parties. One other child, Eleanor, was later born to the parties in the United States.

Fred Jones (appellant) filed for divorce in Minidoka County on February 19, 1986. Martina Jones (respondent) followed suit by filing an identical action in Twin Falls County on February 25, 1986. The Twin Falls County case was to be heard by Judge Edwards. Fred Jones filed a motion to dismiss the Twin Falls County case on March 12, 1986, which was taken under advisement on March 20, pending disposi-

tion of Martina Jones's motion for change of venue. On April 2, 1986, venue of the Minidoka County case was changed to Twin Falls, and on April 7, Martina Jones moved to consolidate the two cases. On the same day, Fred Jones moved to disqualify Judge Edwards from both cases, pursuant to I.R. C.P. 40(d)(1).

On April 15, 1986, Judge Edwards denied Fred Jones's motion to dismiss the Twin Falls case, and also denied the motion to disqualify himself from the Twin Falls case, on the ground that "a contested matter (the motion to dismiss) had been previously argued to and submitted to the Court." He declined to rule on the motion to consolidate however, as there was still a motion to disqualify pending in the Minidoka County case.

On April 16, 1986, the cases were consolidated in Twin Falls. Judge Edwards was appointed presiding magistrate.

Divorce was granted on the grounds of irreconcilable differences. Temporary custody of the children during the pendency of the trial was first awarded to Martina Jones, but that order was modified when a purported threat made in a letter by Mrs. Jones against the children caused the court to transfer temporary custody to Fred Jones, with supervised visiting rights granted to Martina Jones. Later, the court was convinced, in part by contested expert testimony, that Martina Jones did not pose a danger to the children, and transferred primary custody back to her.

It was stipulated by the parties that there were no community property assets, and the trial court found that Martina Jones had no separate property. Fred Jones was assigned all community property debts, costs of litigation, including fees incurred from translating documents in evidence from Spanish to English, and was required to pay child support and house payments on the Twin Falls home where Martina Jones resides with the children.

The magistrate's ruling was affirmed by the District Court of the Fifth Judicial District. Fred Jones challenges the lower court's holding on several grounds. He appeals the trial court's ruling denying a motion to disqualify the magistrate and failure to dismiss the second, identical action filed by Martina Jones in Twin Falls County. He also contests awards of child support and primary physical custody, costs and debts assigned to him, a contempt order against him for failure to pay child support, and the admission of expert testimony.

I. Motion to dismiss.

Fred Jones contends that the Magistrate Court erred in denying his motion to dismiss the Twin Falls case. He argues that dismissal was mandated by the fact that the Minidoka County case was filed first, and the later Twin Falls case was in all respects identical to the existing action in Minidoka County. Fred Jones concedes that the question of whether to dismiss a case is discretionary, but asserts that such discretionary acts must set forth the factors taken into account and reasoning employed in reaching the decision.

■ It is true that "important discretionary acts should not be shrouded in speculation." *Bailey v. Bailey*, 107 Idaho 324, 329, 689 P.2d 216, 221 (Ct.App.1984). In this case, however, the magistrate, Judge Edwards, ruled against the motion to dismiss in favor of the possibility of consolidation. Since there was a motion to disqualify the magistrate still pending in the Minidoka County case, Judge Edwards declined to make a ruling on consolidation, passing that decision on to the Court Administrator for Twin Falls County. Judge Hurlbutt entered an order consolidating the two cases in Twin Falls. The reason Judge Hurlbutt gave for the consolidation was that "[a] review of the files reflects that there exists a complete unity of parties, issues, and requested relief in the two cases." Order of Consolidation and Further Appointment, April 16, 1986.

■ The above stated reason is sufficient to allow review of an exercise of discretion. Although a court must elucidate its reasons for its discretionary actions, there is no rule that where alternative actions exist a court must choose one

and set forth its reasons for not choosing other alternatives. In this case, Judge Edwards considered consolidation a preferable alternative, but declined to make the ruling himself due to the pending motion for disqualification. Instead, Judge Hurlbutt granted the motion to consolidate and stated the reasons therefore. There is nothing to indicate an abuse of discretion.[1]

## II. I.R.C.P. 40(d)(1) motion to disqualify.

Fred Jones argues that Judge Edwards improperly heard the consolidated cases in Twin Falls after a motion to disqualify him in both cases was filed. Mr. Jones urges that the denial of the motion to disqualify in Twin Falls was improper, and that even if Judge Edwards was not properly disqualified in the Twin Falls case, the motion to disqualify in Minidoka County should have prevented him from hearing the consolidated cases.

I.R.C.P. 40(d)(1), as it existed at the time the motion to disqualify was filed in 1986, provided:

> [A]ny party may disqualify one (1) judge, without cause, by filing a motion of disqualification.... Such motion must be made not later than 5 days after service of a notice setting the action for trial, pre-trial, or hearing on the first contested motion, and must be made before any contested proceeding in such action has been submitted for decision to the judge;
> ....

I.R.C.P. 40(d)(1).

■ Fred Jones argued a motion to dismiss the Twin Falls County case on March 12, 1986. The motion to disqualify Judge Edwards was made on April 7, 1986, and was properly denied because it was filed after the first contested proceeding was submitted to the court.

The second aspect to this issue is whether a concurrent motion in the Minidoka County case could prevent Judge Edwards from hearing the two cases once they were consolidated.

■ In general, the consolidation of two cases does not have the effect of merging the two cases into a single action. Rather, "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties...." *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496–98, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331 (1933). Thus, where a judge cannot be disqualified in one case which is later consolidated with another, the party who filed the first motion to disqualify could again seek disqualification as to the second case. If the second motion for disqualification was proper, the judge could be prevented from hearing the consolidated version of both cases.

■ There is an exception to this general proposition under the facts of this case. Fred Jones sought to disqualify Judge Edwards in a proceeding for the dissolution of marriage in Twin Falls. That motion failed because it came after a contested matter was presented to the court. Jones argues that he should now be permitted to disqualify the same judge, hearing the same dissolution of marriage case in Minidoka County. We decline to read the statute to permit Mr. Jones to do indirectly what he could not do directly. Therefore, we hold that under circumstances such as this, where the consolidated cases are absolutely identical and are in fact the same action, a failed motion to disqualify the judge in one case will serve as the only bite of the apple of disqualification without cause. After failing to timely disqualify Judge Edwards in the Twin Falls County divorce case, Fred Jones cannot subsequently disqualify Judge Edwards in the same case filed in another county.

## III. Award of primary physical custody of the children and child support.

■ Fred Jones alleges that the award of primary physical custody of the children of the marriage to Martina Jones was an abuse of the trial court's discretion. He

---

1. We note in passing that dismissing the second action would have been the better remedy, since the two cases were in essence the same action.

argues that there is ample evidence in the record that custody with himself, rather than Martina Jones, would be in the best interests of the children. He also contests the amount of child support awarded to Martina Jones. Both of these issues are governed by the same rule.

"Error is not assumed on appeal, but must be affirmatively shown by the party assigning it." *Weaver v. Sibbett*, 87 Idaho 387, 392–93, 393 P.2d 601, 604 (1964). It is the responsibility of the appellant to include exhibits and transcripts of hearings in the record before the appellate court. *Dawson v. Eldredge*, 89 Idaho 402, 405 P.2d 754 (1965). Where the record before the appellate court does not contain the evidence taken into account by the lower court, "we must necessarily presume that the evidence justifies the decision and that the findings are supported by substantial evidence." *Nash v. Hope Silver Lead Mines*, 79 Idaho 137, 142, 314 P.2d 681, 683 (1957).

In this case, Fred Jones has not provided this Court with a transcript of the hearing concerning the award of child custody and child support. Under the well settled law quoted above, we cannot presume that the trial court's decision was invalid in the absence of any evidence to the contrary. Therefore, we must necessarily affirm the amount of child support and the award of primary physical custody of the children to Martina Jones.

IV. Interpreter fees.

Fred Jones contests the trial court's order charging him with the costs of translating documents in the Spanish language submitted to the court by Martina Jones. ▇ I.C. § 9–1603 provides that interpreter's fees are to be paid out of the county treasury. The trial court had no authority to assign those costs to either party. Accordingly, the assignment of interpreter's fees to Mr. Jones is reversed.

V. Assignment of community property debts, costs and attorney's fees.

Fred Jones challenges the assignment of all community property debts to himself, in the absence of a compelling reason for an unequal division of property articulated on the record. He also contests the trial court's order that he pay all of respondent's costs and and attorney's fees.

▇ It was stipulated by the parties that there was no community property, and the trial court found that respondent had no separate property. There was evidence that Martina Jones's earning capacity is limited and that appellant has a substantial separate estate. The trial court had the authority and sufficient evidence before it to conclude that Mr. Jones is the proper party to assume responsibility for the community debts.

I.C. § 32–704(2) provides that the court may, from time to time, order a party to pay a reasonable amount to the other party for the cost of maintaining an action for dissolution of marriage, including costs and attorney's fees. However, the award of attorney's fees is dependent upon the trial court's consideration of the factors set forth in I.C. § 32–705.

Fred Jones argues that the consideration of the factors listed in I.C. § 32–705 includes the requirement of a finding of fault before attorney's fees may be awarded to an innocent party. He cites two of our previous cases, *Swope v. Swope*, 112 Idaho 974, 739 P.2d 273 (1987), and *Beesley v. Beesley*, 114 Idaho 536, 758 P.2d 695 (1988). Mr. Jones's reliance on those cases is misplaced.

In *Swope v. Swope*, 112 Idaho 974, 739 P.2d 273 (1987), the wife challenged the trial court's offset of monthly payments to her from community property in the husband's possession against the community property that she would ultimately receive once the divorce became final. She claimed that the payments amounted to temporary maintenance under I.C. § 32–704(1), and should not be offset against the final distribution of community property. This Court disagreed, holding that since there was no finding of fault by the trial court, the payments could not be characterized as temporary maintenance. The Court noted that I.C. § 32–704(1) required a "showing made

in conformity with section 32–705," including a showing of fault.

In *Beesley v. Beesley*, 114 Idaho 536, 758 P.2d 695 (1988), this Court remanded an award of attorney's fees under I.C. § 32–704(2) to the trial court because the basis of the award was not apparent from the record, contrary to the requirement of that section that the trial court apply the *"factors* set forth in I.C. § 32–705." (Emphasis added.)

■ Based on these two cases and the language of I.C. § 32–704, we conclude that although a showing of fault is required for an award of temporary maintenance under I.C. § 32–704(1) (requiring a "showing made in conformity with I.C. § 32–705"), the trial court need only consider the *factors* set forth in I.C. § 32–705 in considering whether to award costs and attorney's fees to a party in a divorce action. Idaho Code § 32–705(2) lists the "relevant factors" in subsections (a) through (f).

This interpretation is bolstered by the language of the two sections. While I.C. § 32–704 allows "from time to time" the award of costs and attorney's fees to a spouse, I.C. § 32–705 allows for maintenance orders only where a divorce is finally granted. Thus, we cannot conclude that I.C. § 32–704(2) intended the wholesale incorporation of every word of I.C. § 32–705.

■ From the record before us in the present case, we are unable to determine whether the trial court made findings sufficient to comply with the requirements of sections 32–704(2) and 32–705. Before awarding attorney fees, the trial court, "at a minimum should note the existence of the legislative guidelines and should identify those factors which the judge has weighed in arriving at his decision." *Bailey v. Bailey*, 107 Idaho 324, 329, 689 P.2d 216, 221 (Ct.App.1984). The trial court found that Mrs. Jones "does not have adequate resources to pay her attorney fees incurred in the divorce action." It found that Fred Jones had sufficient assets to pay for psychological treatment for the children and that Martina Jones did not. The court took notice of the fact that Mr. Jones had the

ability to pay attorney fees incurred in the enforcement of a maintenance order and that Mrs. Jones did not. And finally, the court found that Fred Jones had the capacity to make previously ordered support payments when it found him in contempt for failure to pay them. However, the trial court did not make it clear whether those findings were made in the context of I.C. § 32–705, nor did it mention other factors listed in I.C. § 32–705 that would be applicable.

Accordingly, we affirm the award of ·community property debts, but remand the award of costs and attorney's fees for findings consistent with this opinion.

## VI. Contempt for failure to pay child support.

Fred Jones urges that the evidence is insufficient to establish his ability to pay child support ordered by the court. Thus, he argues, the trial court erred in holding him in contempt for failure to pay without first establishing that he was actually able to meet support payments.

■ The evidence presented of Fred Jones's financial circumstances was drawn from his own valuation of his financial worth in the form of income tax statements and loan applications. This evidence showed a very substantial separate estate. If these sources of information were incorrect, it was incumbent on Mr. Jones to present evidence to contradict them. Mr. Jones did present testimony from bank personnel that his existing debts precluded further loans, but the trial court, as the trier of fact, was entitled to weigh the conflicting evidence and reach a factual determination. The court's finding that Fred Jones was capable of meeting child support payments was supported by substantial and competent evidence, and we will not overturn it on appeal.

## VII. Expert testimony.

Fred Jones challenges the admission of testimony by Alfredo Escondon, a professional counselor who was retained as an expert. Mr. Escondon's testimony related

to the suitability of awarding primary physical custody of the children to Martina Jones. Fred Jones's challenge is based on the fact that Mr. Escondon is not licensed as a psychotherapist, and thus should not have been allowed to testify as an expert.

 I.R.E. § 702 allows expert testimony where specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue. Under these guidelines, the admission of expert testimony is within the discretion of the trial court. *State v. Hopkins*, 113 Idaho 679, 747 P.2d 88 (Ct.App.1987). This rule does not require licensing in any particular discipline. We are unable to determine from the record before us whether adequate foundation was presented for the trial court to exercise its discretion. We will not disturb the trial court's action on appeal on this record.

The district court is affirmed in all respects, except that the assignment of interpreter's fees is reversed, and the award of costs and attorney's fees to Martina Jones is remanded for further findings.

Costs on appeal to be awarded to prevailing party by trial judge based on decision on remand.

BAKES, C.J., and JOHNSON and BOYLE, JJ., concur.

BISTLINE, Justice, specially concurring.

I concur in the majority opinion because, putting aside all of the argument and discussion in proceedings below, justice was accomplished by Judge Edwards. His performance in this difficult divorce case was outstanding.

As the majority opinion points out, consolidation is appropriate whenever it serves the purpose of judicial convenience and economy of administration. Here, such laudable purposes were not served where the two divorce actions were separately filed, one by the husband and the other by the wife. The divorce actions had identical issues, involving the same parties and their children. Accordingly, it was in order to dismiss the one filed second in time, unless in one or the other of the two actions the plaintiff was seeking to lay venue in an improper county. Dismissal of the second action, as our majority opinion points out in a footnote, would have simplified and accelerated the judicial process.