747 P.2d 88

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Kenneth A. HOPKINS, Defendant-Appellant.**

**No. 16431.**

Court of Appeals of Idaho.

Dec. 15, 1987.

---

Jess B. Hawley III, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

A jury convicted Kenneth Hopkins of driving under the influence. During the trial, Hopkins attempted to qualify a witness to testify as an expert regarding the Intoximeter 3000, a device used to analyze blood alcohol concentration by sampling a person's breath. The magistrate determined that the witness was not qualified to testify as an expert concerning this machine, but that he could testify as an expert on other matters. The district court affirmed the decision on appeal. The sole question presented here is whether the magistrate abused his discretion in refusing to accept the witness as a qualified expert on the Intoximeter 3000. We reverse and remand for a new trial.

In the early morning hours of December 8, 1984, Kenneth Hopkins was stopped by a Boise Police Officer for suspicion of driving under the influence. In response to questioning, Hopkins admitted to having had five beers that night. The police officer administered field sobriety tests and, based on his observations, arrested Hopkins for driving under the influence. At the Ada County jail, Hopkins was administered a breath test on the Intoximeter 3000. The result showed .16 percent blood alcohol concentration.

Hopkins pled not guilty to the DUI charge and proceeded to trial. As part of his defense he intended to establish the unreliability of the Intoximeter 3000. To introduce this evidence, Hopkins sought to qualify Loring Beals, a toxicologist, as an expert on the Intoximeter 3000. The magistrate, however, found that Beals was not qualified to testify as an expert on that particular device. The trial continued without Beals' intoximeter testimony, and the jury found Hopkins guilty as charged. On appeal, the district court affirmed the magistrate's decision, finding that Beals lacked firsthand knowledge of the Intoximeter 3000 or sufficient knowledge from other sources. Hopkins now asks us to determine whether the magistrate abused his discretion in refusing to qualify Beals as an expert. When reviewing a district court's decision rendered in that court's appellate capacity, we review the record before the magistrate independently of the district court's determination. *State v. Allison*, 112 Idaho 572, 733 P.2d 793 (Ct.App.1987).

This Court considered the scientific acceptance of the Intoximeter 3000 in *State v. Hartwig*, 112 Idaho 370, 732 P.2d 339 (Ct.App.1987). There we held that the Intoximeter 3000 is sufficiently recognized that it is not necessary for the state in each DUI case to adduce expert testimony on the machine's design and methodology in order to establish a foundation for evidence of a blood alcohol concentration test result. We did *not* hold that a defendant is precluded from introducing his own evidence to challenge the scientific soundness of the Intoximeter 3000 result. Here, Hopkins anticipated using Beals' expert opinion testimony to cast doubt on the reliability of the scientific methodology underlying the design of the Intoximeter 3000, as well as questioning whether the particular machine used here was functioning properly. These challenges may be maintained. *Id.*

To give expert opinion testimony, a witness must first be qualified as an expert on the matter at hand. *See IHC Hosp., Inc. v. Board of Commissioners*, 108 Idaho 136, 697 P.2d 1150 (1985); I.R.E. 702. Whether a witness is sufficiently qualified as an expert is a matter largely within the discretion of the trial court. *Sidwell v. William Prym, Inc.*, 112 Idaho 76, 730 P.2d 996 (1986). Once the witness is qualified as an

expert, the trial court must determine whether such expert opinion testimony will assist the trier of fact in understanding the evidence. *Id.;* I.R.E. 702. If the testimony is thus competent and relevant, it may be admissible; the weight given to the testimony is left to the trier of fact. *IHC Hosp., Inc. v. Board of Commissioners, supra.* The admissibility of expert opinion testimony is discretionary with the trial court and will not be disturbed absent a showing of abuse of discretion. *Sidwell v. William Prym, Inc., supra.*

Idaho Rule of Evidence 702 provides that "a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Idaho has interpreted the five qualification areas as disjunctive, holding that academic training is not always necessary and that practical experience or special knowledge or training in a related field each might suffice. *IHC Hosp., Inc. v. Board of Commissioners, supra;* IDAHO EVIDENCE COMMITTEE, REPORT TO THE IDAHO STATE BAR, C 702 at 2–3 (1984).

■ In a lengthy offer of proof, Hopkins established Beals' qualifications. Beals possessed a bachelor of science degree in chemistry and a master of science degree in toxicology and had performed graduate studies in biochemistry. He candidly admitted to "limited" use of the Intoximeter 3000, although over several years he had gained experience in the use of a number of different breathalizers, many similar to the Intoximeter 3000. The limited use was comprised of one day spent examining and testing the Intoximeter 3000 with various alcohol solutions and his own breath altered by a variety of substances. He supplemented this use by reading operator and supervisory manuals and by interviewing people from the company which manufactured the machine. He demonstrated his familiarization with the instrument by explaining in detail the scientific hypothesis and physical theories behind its operation. Additionally, he recounted the times in which he had previously testified in court as an expert on the Intoximeter 3000. Despite this testimony, the magistrate determined Beals did not qualify as an expert due to his lack of experience on the Intoximeter 3000 and the failure to set forth adequate information from which the magistrate could determine Beals' knowledge of the machine. The district judge agreed. From the above offer of proof, however, we conclude that Beals' qualifications as an expert were sufficiently demonstrated. The lack of direct experience is not fatal to Beals' qualifications but it may affect the weight given his testimony. We hold that the magistrate abused his discretion in finding otherwise.

■ The refusal to accept Beals' qualification as an expert witness deprived Hopkins of the opportunity to present testimony challenging the scientific hypothesis and physical theories of the Intoximeter 3000. Likewise, Hopkins was not able to present Beals' expert opinion testimony as to the reliability of the particular intoximeter used here. The state has argued that if error occurred we should hold that it was harmless error. However, we are not convinced, beyond a reasonable doubt, that the jury would have reached the same result had the error not occurred. *See, e.g., State v. Hall,* 111 Idaho 827, 727 P.2d 1255 (Ct. App.1986); I.C.R. 52. Consequently, the refusal to qualify Beals as an expert witness amounted to reversible error.

The judgment of the conviction is reversed. The case is remanded for a new trial.

WALTERS, C.J., and BURNETT, J., concur.