813 P.2d 910

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Terry VAN SICKLE,
Defendant–Appellant.**

**No. 18863.**

Court of Appeals of Idaho.

June 27, 1991.

Roark, Donovan, Praggastis, Rivers & Phillips, Hailey, for defendant-appellant.

Larry J. EchoHawk, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Terry Van Sickle was convicted of misdemeanor driving under the influence based on the state's allegation that he had a breath-alcohol concentration in excess of .10 while operating his vehicle. I.C. § 18-8004. On appeal, the district court upheld the conviction. Appealing further, Van Sickle contends that the magistrate erred in overruling his objections to the admission of certain evidence concerning his breath-alcohol content. For the reasons stated below, we affirm.

## FACTS

On May 21, 1988, a Ketchum City police officer stopped Van Sickle for suspicion of driving while under the influence. Van Sickle submitted to a breath test with an Intoximeter 3000, the results of which were .13 and .13, and the officer cited him with misdemeanor DUI. Van Sickle contested the citation and requested a jury trial. At trial, over Van Sickle's objections, the magistrate ruled to admit the calibration certificate of the specific Intoximeter 3000 device used to test the sample of Van Sickle's breath, and the Intoximeter's printout of the test results. The jury found Van Sickle guilty as charged. Van Sickle's subsequent appeal to the district court centered on the admissibility of those two exhibits. The district court upheld the magistrate's evidentiary rulings and affirmed the conviction. This appeal followed.

Van Sickle challenges the admissibility of both the calibration certificate and the printout of the Intoximeter test results. He asserts first that the magistrate should have excluded the evidence as a result of the state's failure to comply with the defense's discovery request which expressly sought production of those two documents. He next contends that the evidence was admitted in contravention of the rule

against hearsay and in violation of his constitutional right to confrontation. Third, he maintains that the state failed to lay a proper foundation for the reliability and authenticity of the evidence. Finally, Van Sickle claims that the enactment of I.C. § 18–8004(4), which allows the admission of such evidence, amounts to an unconstitutional attempt by the legislature to undermine the authority of the judiciary.

## STANDARD OF REVIEW

■■■ Our consideration of Van Sickle's claims are guided by the following principles. When reviewing an appellate decision of the district court which has reviewed a magistrate's findings and conclusions, we examine the record of the magistrate independently of, but with due regard for the district court's decision. *Cole v. Kunzler,* 115 Idaho 552, 768 P.2d 815 (Ct. App.1989). Based on our review of the magistrate's findings and conclusions, we will affirm or reverse the district court's appellate decision accordingly. *In re Matter of McNeely,* 119 Idaho 182, 804 P.2d 911 (Ct.App.1990). The issues raised by Van Sickle do not involve disputed questions of fact but rather turn on the proper identification and application of the law. Accordingly, we exercise free review. *See State v. Breed,* 111 Idaho 497, 725 P.2d 202 (Ct.App.1986).

## COMPLIANCE WITH CRIMINAL RULE 16

■■■ Van Sickle filed a pre-trial discovery request seeking, among other items, a copy of the calibration certificate for the specific Intoximeter 3000 utilized to measure his breath-alcohol concentration, and the printout of the Intoximeter test results. The state responded, in part, by stating that the Intoximeter 3000 printout and calibration records were "available upon reasonable request." Van Sickle made no further request for these items and apparently never obtained them prior to trial. When the state offered these records for admission into evidence at trial, Van Sickle objected on the basis that the state had failed to comply with his earlier discovery request,

in violation of Idaho Criminal Rule 16. The magistrate determined that the state had complied with Rule 16 and overruled the objection. Van Sickle argues that the court erred in admitting the evidence over his objection, contending, essentially, that the state's obligation under I.C.R. 16 to disclose requested evidence entails more than merely making such information "available upon reasonable request." We disagree.

Rule 16, governing discovery in criminal trials, provides in part:

(b) Disclosure of evidence and material by the prosecution upon written request. Except as otherwise hereinafter provided in this rule, the prosecuting attorney shall at any time following the filing of charges, upon written request by the defendant, disclose the following information, evidence and material to the defendant.

. . . .

(4) Documents and tangible objects. Upon written request of the defendant, the prosecuting attorney *shall permit the defendant to inspect and copy ...* documents ... which are in the possession, custody or control of the prosecuting attorney and which are material to the preparation of the defense, or intended for use by the prosecutor as evidence at trial, or obtained from or belonging to the defendant.

(5) Reports of examinations and tests. Upon written request of the defendant the prosecuting attorney *shall permit the defendant to inspect and copy* or photograph any results or reports of ... scientific tests ... made in connection with the particular case. . . .

I.C.R. 16 (emphasis added). It is clear from this rule that the state need only make the requested items available for the defendant to inspect and copy; the state is not required to initiate copying of the requested documents or to provide, without further request or court order, a copy of all materials sought. Van Sickle does not contend that the state created any obstacle to his ability to review or copy the requested items. Thus, we conclude that the state

complied with the requirements of the rule by informing Van Sickle, in writing, that the requested items were "available upon request." The magistrate properly overruled Van Sickle's objection.

## ADMISSION OF THE CALIBRATION CERTIFICATE

■ Van Sickle next asserts that the calibration certificate was inadmissible hearsay and that the magistrate erred in ruling to admit it. He argues that the public records exception to the rule against hearsay, I.R.E. 803(8), is inapplicable because the evidence offered constitutes "a factual finding offered by the government in a criminal case" and as such specifically falls outside the scope of that exception. *See* I.R.E. 803(8)(C). However, at trial the magistrate admitted the evidence under Rule 803(6), an unrelated exception applicable to records of a regularly conducted activity. Van Sickle's argument on appeal thus is irrelevant to the magistrate's ruling, to which, we note, he had timely objected. Because Van Sickle does not assign error to the magistrate's ruling to admit the certificate under the business records exception, we need not address whether the ruling was in error. Van Sickle does not dispute the magistrate's determination that the certificate was a self-authenticating document under I.R.E. 902. Accordingly, we find no error in the admission of the calibration certificate.

## ADMISSION OF THE INTOXIMETER RESULTS

### A. The Printout as Hearsay.

Van Sickle contends that the printout of the Intoximeter test results constitutes hearsay and should have been excluded on that basis. Characterizing the Intoximeter machine as "the state's chief complaining witness," Van Sickle avers that the Intoximeter printout—indicating an excessive breath-alcohol content—was not only inadmissible as hearsay, its admission into evidence violated his constitutional right to confrontation. We are not persuaded.

Idaho Rule of Evidence 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." I.R.E. 801(c). The "declarant" is the one making the statement and must be a person. I.R.E. 801(b). A "statement" includes written and oral assertions, but is hearsay only when made by an out-of-court declarant. I.R.E. 801(a)—(c). *See* 5 WIGMORE, EVIDENCE § 1361, at 1–2 (Chadbourn rev. 1974). We also observe that the introductory comments to Article VIII of the Idaho Rules of Evidence explain that,

> Traditionally, to foster reliable testimony the witness has been generally required to testify: (1) under oath or affirmation, (2) in the personal presence of the trier of fact so demeanor can be observed, and (3) subject to cross-examination.
>
> "The danger against which the hearsay rule is directed is that evidence which is untested by these three conditions will be unreliable because faults in the perception, memory and narration of the declarant will not be exposed." 4 J. WEINSTEIN & BERGER, WEINSTEIN'S EVIDENCE ¶ 800[01] at 11 (Supp.1983).

M. CLARK, *Report of the Idaho Bar Evidence Committee, Intro.* VIII, p. 1 (4th Supp.).

■ In light of the foregoing, it is plain that the printout from the Intoximeter is not a "statement" for hearsay purposes. The printout, although a writing offered to prove the truth of the matter asserted therein, is not extrajudicial testimony prohibited by the hearsay rule; the printout is a test result produced by a machine. The Intoximeter machine is not a "declarant" capable of being hailed into the courtroom, placed under oath, made to testify and then cross-examined. Similarly, we do not fully comprehend Van Sickle's claim that his right to confrontation was violated by the admission of the Intoximeter printout. Nothing precluded Van Sickle from attacking the reliability or accuracy of the test results. The hearsay exclusionary rule is designed to safeguard against reliability dangers different than those presented by introducing the printout of

the Intoximeter test results into evidence. Instead, Van Sickle's protection against the admission of unreliable evidence lies in the rules requiring the state to provide an adequate foundation for the admission of the Intoximeter printout.

### B. Foundational Requirements.

Van Sickle also asserts that the state failed to meet the foundational requisites for the admission into evidence of the Intoximeter results. He first argues the Idaho Rules of Evidence, promulgated by the Supreme Court, require that the state produce expert testimony to establish the scientific reliability of the Intoximeter testing process. He further asserts that I.C. § 18–8004(4), purporting to dispense with this requirement, constitutes an impermissible usurpation by the legislature of the functions of the judiciary, in violation of the separation of powers doctrine.

■ *1. Authentication.* Van Sickle maintains that the magistrate admitted the test results of the Intoximeter 3000 without requiring the state to lay the proper foundation under Evidence Rule 901, which makes authentication a precondition to admissibility. Van Sickle contends that, pursuant to subpart (b)(9) of that Rule, pertaining to the method of authenticating processes and systems, the state was required to present evidence showing that the process utilized by the Intoximeter produces an accurate result. Because no testimony was offered to establish the scientific reliability of the Intoximeter, Van Sickle continues, the authentication requirement was not met, and the results of the test were inadmissible.

While it is true that the requirement of Rule 901 may be satisfied through expert testimony establishing the reliability of the testing process, such an offer of proof is not the exclusive means by which that foundational requirement may be met. Pursuant to I.R.E. 901(b)(10), the condition alternatively may be satisfied through "[a]ny method of authentication or identification provided by Supreme Court Rule *or by statute* or as provided in the Constitution of this State." The statutory method

followed by the state in this case is set forth at I.C. § 18–8004(4), which provides, in relevant part,

> "the results of any test for alcohol concentration and records relating to calibration, approval, certification or quality control ... approved by [the Idaho department of] health and welfare shall be admissible in any proceeding in this state without the necessity of producing a witness to establish the reliability of the testing procedure for examination."

The state presented proof that the Intoximeter 3000 was a test for alcohol concentration approved by the Idaho Department of Health, administered in accordance with its required procedures, thus meeting the authentication condition of I.R.E. 901.

■ *2. Relevancy.* To be admissible, evidence must be relevant. I.R.E 401, 402. Evidence that tends to prove the existence of a fact of consequence in the case, and has any tendency to make the existence of that fact more probable than it would be without the evidence is relevant. *State v. Hocker,* 115 Idaho 544, 768 P.2d 807 (Ct.App.1989). In order to show that the results of scientific tests are material and probative, the proponent of the evidence must establish the reliability of the test to produce accurate results. This may be done by establishing the scientific acceptability of the testing process. General scientific acceptance is a proper condition for taking judicial notice. I.R.E. 201; *McCORMICK ON EVIDENCE* § 203, at 608 (E. Clearly ed. 1984).

■ In *State v. Hartwig,* 112 Idaho 370, 732 P.2d 339 (Ct.App.1987), the appellant challenged the admissibility of the Intoximeter 3000 on the basis of its scientific reliability. Rejecting the appellant's argument that the Intoximeter should not be judicially recognized as a reliable process, we concluded that the scientific acceptance of the Intoximeter 3000 was well-established, and that its admissibility was no longer susceptible to challenge on the basis of its scientific acceptability. *Hartwig,* 112

Idaho at 375, 732 P.2d at 344.[1] Thus, pursuant to *Hartwig*, the scientific process utilized by the Intoximeter 3000 has been deemed reliable for the limited foundational purpose of having its test results admitted into evidence.[2]

In the case at bar, the magistrate took notice of our holding in *Hartwig* and admitted the Intoximeter test results into evidence without requiring an expert to testify first to the reliability of the testing process. Finding no error, we uphold the magistrate's rulings.

### CONCLUSION

In conclusion, we find no error in the trial court's admission of the evidence. Having resolved the case under the applicable Idaho Rules of Evidence, without resorting to the allegedly conflicting provisions of I.C. § 18–8004(4), we need not decide whether that statute unconstitutionally encroaches upon the authority of judiciary. *See Swensen v. Buildings, Inc.,* 93 Idaho 466, 463 P.2d 932 (1970); *Hill v. Schultz,* 71 Idaho 145, 227 P.2d 586 (1951); *Twin Falls Canal Co. v. Huff,* 58 Idaho 587, 76 P.2d 923 (1938). Nor do we address those issues raised by Van Sickle on appeal which were not preserved in the trial court. *Kinsela v. State, Dept. of Finance,* 117 Idaho 632, 790 P.2d 1388 (1990). Accordingly, the district court's appellate decision, upholding Van Sickle's judgment of conviction for misdemeanor driving while under the influence, is affirmed.

SWANSTROM and SILAK, JJ., concur.

---

1. A detailed discussion of the characteristics, theory, operation and scientific acceptability of the Intoximeter 3000 can be found in *People v. Jones,* 118 Misc.2d 687, 461 N.Y.S.2d 962 (1983). Simply stated, the Intoximeter 3000 is a direct breath testing device which utilizes infrared energy and electric current to detect the presence of ethyl alcohol (ethanol) in a given breath sample. *See State v. Crea,* 119 Idaho 352, 806 P.2d 445 (1991).

2. We note, however, that the general admissibility of the results of such testing in no way limits

the right of a party to introduce before the jury evidence relevant to the weight and credibility of such evidence. I.R.E. 104(e). The burden of persuading the jury that the test results are accurate remains with the prosecution, *State v. Pressnall,* 119 Idaho 207, 804 P.2d 936 (Ct.App. 1991), and the reliability both of the test's results *and* of the process utilized are subject to attack. *State v. Wilson,* 116 Idaho 771, 774, 780 P.2d 93, 96 (1989); *State v. Hopkins,* 113 Idaho 679, 747 P.2d 88 (Ct.App.1987).