127 P.3d 231

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Edward A. BURROW, Defendant–Appellant.**

**No. 30777.**

Court of Appeals of Idaho.

Nov. 23, 2005.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Edward A. Burrow challenges his conviction for aggravated assault, asserting that the trial judge improperly permitted a police officer to testify that he believed Burrow was high on drugs at the time of his arrest and that the victim was sober. We affirm.

## I.

## BACKGROUND

Burrow was charged with aggravated assault, Idaho Code § 18–905(a), as a result of an incident in which he reportedly threatened Jessica Hill and one of her young sons, held a switchblade knife to each of their throats, and later swung a metal bar toward them in a threatening manner. Hill and her children fled to a relative's house. Shortly thereafter, police arrived and arrested Burrow.

At trial, the arresting officer testified that at the time of his arrest, Burrow was agitated, fidgeting, and talking in a paranoid and off-topic manner. Over Burrow's objection, the officer also testified that the pupils of Burrow's eyes were pinpointed and not reacting normally to light, and that the foregoing behaviors and physical symptoms were consistent with those of people under the influence of methamphetamine or similar substances. The officer also testified that Hill did not exhibit any signs of drug use, although Burrow asserted that she hallucinated the incident because she was under the influence of methamphetamine. The jury found Burrow guilty of aggravated assault.

On appeal, Burrow contends that the trial court improperly permitted the police officer to testify that Burrow displayed symptoms consistent with drug use and that Hill did not. Burrow argues that the challenged testimony was inadmissible because there was not a sufficient foundation showing the officer's skill, training or education or that he employed a reliable methodology to arrive at his determination that certain physical manifestations and behaviors are consistent with drug intoxication.

## II.

## ANALYSIS

Whether a proper foundation for evidence has been laid, including whether a witness is qualified as an expert, is a discre-

tionary decision to be made by the trial court and is reviewed for an abuse of discretion. *West v. Sonke*, 132 Idaho 133, 138, 968 P.2d 228, 233 (1998); *State v. Winn*, 121 Idaho 850, 855, 828 P.2d 879, 884 (1992); *State v. Hopkins*, 113 Idaho 679, 680, 747 P.2d 88, 89 (Ct.App.1987). The admission of evidence involving specialized knowledge outside the ken of the average juror is governed by Idaho Rule of Evidence 702, which provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Under this rule, the proponent of the testimony must lay foundational evidence showing that the individual is qualified as an expert on the topic about which he or she will testify. *Winn*, 121 Idaho at 855, 828 P.2d at 884; *State v. Parkinson*, 128 Idaho 29, 34, 909 P.2d 647, 652 (Ct.App.1996); *Hopkins*, 113 Idaho at 680, 747 P.2d at 89.

■ Here, the officer testified that he had attended a ten-week academy for law enforcement personnel. This training included a day-long course in the investigation of individuals suspected to be under the influence of controlled substances, including identifying physical indicators such as abnormal pupil reactions, fidgetiness, agitation, and profuse sweating. He testified that he had five years of experience as a law enforcement officer, during which time he had the opportunity to observe the behavior and symptoms of individuals known to be under the influence of controlled substances, including their demeanors and physical manifestations. Burrow argues that this foundation was inadequate because it did not demonstrate that the officer had sufficient formal education and training to qualify as an expert in the recognition of drug use symptoms. He points out that there was no testimony that the officer had training in ophthalmology, biology or medicine, or even that he had a high school diploma, and he argues that an eight-hour class in drug use recognition was insufficient to show that the officer possessed the requisite expertise.

We disagree. The possible bases for qualification as an expert enumerated in Rule 702—"knowledge, skill, experience, training, or education"—are disjunctive; a proper foundation can be shown from any of these factors alone or by several in aggregate. *Hopkins*, 113 Idaho at 681, 747 P.2d at 90. Our Supreme Court has observed: "An 'expert' in a court proceeding is someone possessing skill or knowledge beyond the competency of the average juror. Formal training or an advanced degree is not essential to qualify a witness as an expert, but practical experience or special knowledge must be shown to bring a witness within the category of 'expert.'" *IHC Hosp., Inc. v. Bd. of Comm'rs*, 108 Idaho 136, 142, 697 P.2d 1150, 1156 (1985), *overruled on other grounds by Intermountain Health Care, Inc. v. Bd. of Comm'rs*, 108 Idaho 757, 762, 702 P.2d 795, 800 (1985). Here, in addition to eight hours of formal training concerning the investigation of drug use, the officer also had a five-year period of practical, on-the-job experience in dealing with and observing persons under the influence of drugs. Medical study of the mechanics of the eye or other biological study was not required to enable the officer to observe the pupils of Burrow's eyes and compare them to the normal pupils of other people on the scene in the same light conditions, or to discern fidgeting and agitation.

Burrow also argues that the foundation for the officer's testimony was insufficient because the officer did not describe any reliable methodology employed in arriving at his opinion. Relying upon *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and *State v. Parkinson*, 128 Idaho 29, 909 P.2d 647 (Ct.App.1996), Burrow asserts that a foundation was required showing that the officer used a methodology that had previously enabled him to accurately distinguish people who are under the influence of drugs from those that are not.

This argument is without merit. The type of foundation that will be required for admission of expert testimony necessarily turns upon the nature of the evidence offered. No over-arching standard or set of criteria will

apply in all cases. There is a vast difference between the foundation needed to show that an expert witness employed an accurate and reliable methodology to arrive at a complex scientific, medical or technical opinion (such as a psychological opinion as to whether a child has been sexually abused, *see State v. Konechny,* 134 Idaho 410, 3 P.3d 535 (Ct. App.2000), or a scientific opinion about the statistical reliability of a DNA match, *see State v. Faught,* 127 Idaho 873, 908 P.2d 566 (1995)), and the foundation needed for a witness to report his personal observations of an individual's physical appearance and behavior and compare these with the common manifestations of drug use known to the observer through his training and experience. Here, the officer did not render an opinion that Burrow was under the influence of drugs but, rather, that he displayed certain symptoms that are consistent with those shown by persons who are under the influence of methamphetamine or similar substances. While this distinction may be subtle, it is nevertheless real and significant. We all know, for example, that labored breathing and a flushed face are physical symptoms consistent with those displayed by someone who has just been running hard, although the same symptoms could also be the result of an entirely different behavior or condition. No description of a "methodology" would be necessary for admission of testimony that a defendant displayed such symptoms where the evidence is offered to raise an inference that the defendant was the person who, minutes earlier, had been observed running away from a crime scene. Likewise here, the officer merely described his personal observations of Burrow's condition and expressed his knowledge, based on specific training and experience, that those symptoms he observed are consistent with drug-induced intoxication. Beyond that, there was no "methodology" employed that required foundational explanation or validation.

We conclude that the trial court did not abuse its discretion in holding that there was a sufficient foundation showing that the officer possessed the requisite expertise, based upon training and experience, to testify that Burrow exhibited physical symptoms and behaviors that were consistent with those of persons under the influence of methamphetamine or similar substances and to testify that Hill did not display those symptoms.[1] Because the district court did not err in permitting the officer to testify as an expert, the judgment of conviction is affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.

---

1. Because we hold that the evidence was properly admitted as expert testimony under I.R.E. 702, we do not reach the State's argument that the officer's testimony was also admissible under I.R.E. 701 as opinion testimony by a lay witness.