# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42370

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 724** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: November 19, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **THOMAS FERNANDEZ,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Judgment of conviction and order denying motion in limine, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Thomas Fernandez appeals from the judgment of conviction and the district court's order granting the State's motion in limine precluding Fernandez's expert witness from testifying. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Fernandez was stopped for failing to obey a stop sign. The officer noticed that Fernandez appeared nervous, had bloodshot and watery eyes, mumbled while he spoke, and smelled of alcohol. When asked, Fernandez stated that he consumed alcohol the night before. Initially, Fernandez did not want to take the breath test because he thought he may blow over the legal limit because of his diabetes and liver problems. He later agreed to submit to the breath test; the results for the two samples were .169/.171. Fernandez was charged with driving under the

1

influence of alcohol, a felony because he had two prior felony convictions for driving under the influence within the previous fifteen years. The State also sought a persistent violator enhancement.

Fernandez pleaded not guilty and hired an expert to challenge the accuracy of the breath test. The expert witness indicated in his initial report that he would offer testimony about the accuracy of the Intoxilyzer 5000 and how diabetes and gastro-esophageal reflux disease (GERD) could negatively affect Fernandez's breath test results. The State filed a motion in limine to prevent the expert witness from testifying on those subjects.

After a hearing, the district court granted the motion in limine. The district court found that Fernandez proffered no evidence showing: that Fernandez's blood sugar levels were elevated at the time of the stop or before or during the breath test; that Fernandez was in a state of ketoacidosis at the time of the breath test; that Fernandez had a medical diagnosis of GERD; that Fernandez was experiencing acid reflux during or before the administration of the breath test; or that Fernandez had unabsorbed alcohol in his stomach. As a result, the district court, *inter alia*, held:

> (2) Any testimony of diabetes is not relevant and will be excluded absent proof that at the time of the breath test the defendant had the symptomology of and was suffering from high blood sugar levels/ketoacidosis; (3) Any testimony of GERD is not relevant and will be excluded absent proof that the defendant has a prior medical diagnosis of GERD and that the defendant had recently consumed alcohol and had unabsorbed alcohol in his stomach at the time of the breath test.

Fernandez entered a conditional guilty plea to felony driving under the influence and the persistent violator enhancement. He timely appeals.

## II.

## STANDARD OF REVIEW

The admissibility of expert testimony is a matter committed to the discretion of the trial court and this Court will not overturn its ruling absent an abuse of that discretion. *J-U-B Engineers, Inc. v. Sec. Ins. Co. of Hartford*, 146 Idaho 311, 315, 193 P.3d 858, 862 (2008). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether

2

the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

## ANALYSIS

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. I.R.E. 702. To determine whether expert testimony is admissible, the district court must consider two factors. To give expert opinion testimony, a witness must first be qualified as an expert on the matter at hand. *Id.* Whether a witness is sufficiently qualified as an expert is a matter largely within the discretion of the trial court. *Sidwell v. William Prym, Inc.*, 112 Idaho 76, 81, 730 P.2d 996, 1001 (1986). Here, neither party disputes that the expert witness is qualified.

Once the witness is qualified as an expert, the trial court must determine whether the expert's opinion testimony will assist the trier of fact in understanding the evidence. I.R.E. 702; *Sidwell*, 112 Idaho at 81, 730 P.2d at 1001. This condition goes primarily to relevance. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993). Another aspect of relevancy is whether the expert testimony proffered in a case is sufficiently tied to the facts of the case such that the testimony will aid the jury in resolving a factual dispute. *Id.* An expert's opinion that is speculative or unsubstantiated by facts in the record is inadmissible because it would not assist the trier of fact. *J-U-B Engineers*, 146 Idaho at 316, 193 P.3d at 863. If the expert's testimony is competent and relevant, it may be admissible; the weight given to the testimony is left to the trier of fact. *State v. Hopkins*, 113 Idaho 679, 681, 747 P.2d 88, 90 (Ct. App. 1987). The admissibility of expert opinion testimony is within the district court's discretion. *Sidwell*, 112 Idaho at 81, 730 P.2d at 1001.

## A. Relevance

Before analyzing the issue under I.R.E. 702, this Court addresses Fernandez's relevance argument. Fernandez's appeal appears to primarily rely on I.R.E. 401, instead of I.R.E. 702. Fernandez repeatedly argues that the district court's ruling improperly focused on the weight of the evidence, not admissibility. This argument is misplaced.

Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401. All relevant evidence is admissible except as otherwise provided by the rules of evidence. I.R.E. 402. Therefore, evidence can make the existence of any fact that is of consequence more or less probable and still be inadmissible under I.R.E. 702. As mentioned above, to be admissible, expert testimony must also be sufficiently tied to the facts of the case so that it can assist the trier of fact in resolving a factual issue. *Daubert*, 509 U.S at 591. If facts in the record do not substantiate an expert's opinion, it does not assist the trier of fact and is inadmissible. *J-U-B Engineers*, 146 Idaho at 316, 193 P.3d at 863. The district court found that there was insufficient evidence presented to sufficiently tie the expert's testimony to the facts of the case. As discussed below, this Court agrees.

**B.     Diabetes**

Fernandez argues undisputed facts show that he could provide evidence of his diabetes, fluctuating blood sugar levels, and the effect of elevated blood sugar on his breath test results. Fernandez's argument fails.

According to the supplemental witness disclosure, the expert, Dr. Anderson, sought to testify as follows:

> Diabetes impairs the body's ability to transport carbohydrate from the blood into the cells. As a result, the body cannot efficiently utilize sugar for energy production and, thus, fats are mobilized for energy production. A byproduct of elevated fat metabolism is the creation of β-hydroxybuterate, acetoacetate, and acetone at elevated levels. Acetone can be converted into isopropanol. Both isopropanol and acetone can appear in the blood and breath. A portion of these chemicals' molecular [structure] is similar to that of ethanol (i.e., beverage alcohol). All of these chemicals contain methyl groups (-CH3) . . . .
>
> The presence of a methyl group is what the Intoxilyzer 5000 detects to identify ethanol . . . . When chemicals containing a methyl group enter the detection chamber, the Intoxilyzer 5000 attempts to identify the molecule as either ethanol or interferrent. However, this detection system does not always work and, when the interferrents are not identified, the breath reading will be falsely elevated. This situation can happen when a subject has diabetes.

In its offer of proof, the State's expert proffered the following statement, "The only way a diabetic can create the byproducts of β-hydroxybuterate, acetoacetate, and acetone is if the diabetic is in a state of ketoacidosis." It stated that further testimony could be offered that Fernandez was not in a state of ketoacidosis.

4

Considering this information, the district court then found that "it would appear that the diabetic condition being described by Dr. Anderson is ketoacidosis, although he does not utilize that term." The district court also found that "there has been no evidence presented to establish that at the time of his arrest or at the time of the performance of the breath test the defendant was experiencing the symptomology of ketoacidosis." The court concluded that absent a showing that Fernandez was suffering from elevated blood sugar levels or ketoacidosis, the testimony was speculative, and therefore neither competent nor relevant.

The district court did not exclude the expert's testimony that elevated blood pressure could impact a breath test because it disagreed with the expert. Instead, the district court excluded the expert testimony because Fernandez failed to sufficiently tie the expert's testimony to the facts of the case. The district court held that the expert's testimony was inadmissible under I.R.E. 702 unless and until Fernandez proffered evidence showing that Fernandez had elevated blood sugar levels at the time of the stop or before or during the breath test, or that Fernandez was in a state of ketoacidosis at the time of the breath test. Fernandez did not offer sufficient evidence to support his claims at either the motion in limine hearing or in an offer of proof. Therefore, the district court did not abuse its discretion.

## C.    GERD

Before admitting expert testimony of the effect of GERD on the breath test, the district court required Fernandez to show the following:  (1) that Fernandez had previously been diagnosed with GERD; and (2) that Fernandez had recently consumed alcohol prior to the breath test and/or that he had unabsorbed alcohol in his stomach.

Fernandez first argues that the undisputed facts show that he could provide evidence of his GERD diagnosis and its potential effects on his breath test results. However, the issue is not whether Fernandez could show evidence supporting a diagnosis of GERD; the issue is whether he did. The district court found that Fernandez proffered no evidence showing a medical diagnosis of GERD. We agree.

Fernandez next argues that determining whether there was unabsorbed alcohol in his stomach at the time of the breath test is an issue for the jury. However, Fernandez neither disputes the district court's finding that there was no evidence presented that Fernandez had recently consumed alcohol prior to the breath test nor the district court's finding that, "the study authored by Dr. Hlastala, at best suggest[s] that mouth alcohol may be missed by the slope

5

detector 'immediately after consumption of alcohol.'" Absent a showing that Fernandez recently consumed alcohol prior to his breath test, the expert's testimony is unsubstantiated by facts in the record and is inadmissible. Therefore, the district court did not abuse its discretion by finding that the expert testimony was inadmissible absent further evidence presented by Fernandez.

## IV.

## CONCLUSION

Based on the foregoing, this Court affirms the district court's judgment of conviction and order granting the motion in limine.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.